### 39578. STATE HIGHWAY DEPARTMENT v. BENNETT et al.

DECIDED OCTOBER 5, 1962.

*Eugene Cook, Attorney General, Carter Goode, Paul Miller, E. J. Summerour, Assistant Attorneys General, William J. Gibbons, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall,* for plaintiff in error.

*Seymour S. Owens, W. E. Rice, James B. Whiddon,* contra.

FRANKUM, Judge. The evidence shows that the strip of land condemned did not adjoin a *limited* access highway, and the remaining property of the condemnee from which the strip of land was taken did not adjoin a *limited* access highway. The strip of land did adjoin a highway which was not a limited access highway and was taken for the purpose of improving said highway. The evidence further shows that the highway adjoining the condemnee's property crosses over a limited access highway (Interstate 75) near her property, and that there are ramps at said crossing for use in entering and leaving said limited access highway.

The charge complained of probably confused and misled the

jury, in that it may have impressed upon them that they were authorized to award consequential damages on the theory that the condemnee's land was taken for use as a part of a limited access highway, and that her remaining land would abut a limited access highway, when such was not the case.

The situation is best stated in the ruling of *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 6 (76 SE 387, AC 1914A 880): "The charges complained of . . . were not warranted by the evidence, and therefore, under the repeated rulings of this court, were erroneous. It is argued that if these charges were erroneous, they were harmless, as the jury only considered the value proved for one purpose, namely, the agricultural value. We have no means of knowing that the jury so limited themselves, and can not say, as a matter of law, that the instructions complained of were harmless. They were probably confusing and misleading to the jury, and require a new trial."

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*